UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ZACH RILEY,                        )
                                   )
        Plaintiff                  )
                                   )        No. 3:15-0228
v.                                 )        Judge Campbell/Brown
                                   )
TRANSIT SECURITY ADMINISTRATION    )
d/b/a UNIVERSAL ENROLLMENT         )
SERVICES, UNITED STATES            )
OF AMERICA,                        )
                                   )
        Defendants                 )

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

        For the reasons stated below, the Magistrate Judge
recommends that the Defendants' motion to dismiss (Docket Entry 32)
be granted and this case be dismissed without prejudice for lack of
jurisdiction.

### BACKGROUND

        For the purpose of a motion to dismiss, facts as stated
in the complaint are taken as true. On July 30, 2014, the Plaintiff
paid $86.50 to Universal Enrollment Services (UES) to provide
enrollment services for the Transit Security Administration (TSA)
to enroll in TSA's hazardous material endorsement assessment
program so that he could gain a hazardous materials endorsement
(HME) on his commercial driver's license. According to his
complaint, the Plaintiff did not receive the results of his
application and he further alleges that the TSA and its contractor
refused to give him a refund of his $86.50 application fee despite

their guarantee that he would have the results within 21 days or six weeks (Docket Entry 1-1, Page ID #5). He further alleges that he received a call from a TSA employee, Arisha, on Friday, October 17, 2014, advising him that his application should be approved. He then states that TSA processed the information and cleared him to test for an HME in a matter of a one-day turnaround. This would seem to indicate that the Plaintiff received his clearance to test for the HME on October 18, 2014 (Docket Entry 1-1, Page ID #6-7). Because of the delay, the Plaintiff seeks damages in the amount of $25,000,000 (Docket Entry 1-1, Page ID #7).

After the Plaintiff filed his complaint in Circuit Court for Davidson County on February 2, 2015 (Docket Entry 1-1, Page ID #3), the United States removed the complaint to federal district court on March 13, 2015, and the United States was substituted as the Defendant in this case (Docket Entry 5).

Although the Plaintiff in his complaint states that he received the requested clearance on or about October 18th, his subsequent pleadings are inconsistent with this statement (Docket Entry 38). In that pleading the Plaintiff requests "that TSA be ordered to explain why they never mailed my results if they claimed I was cleared to test" (Docket Entry 38, Page ID #84). He again states that "To this day I have yet to receive any result as to if I'm cleared to test for a hazardous endorsement" (Docket Entry 41, Page ID #89).

The Plaintiff subsequently filed an administrative claim with the agency, which was received on July 17, 2015 (Docket Entry 34).

After the United States filed its motion to dismiss, the Magistrate Judge entered an order specifically advising the Plaintiff that he must respond to the motion on or before September 18, 2015, and that failure to do so could be taken that he had no opposition to the motion being granted (Docket Entry 35).

The Plaintiff then sent the Clerk two letters which the Magistrate Judge considered as motions. Neither appeared to be directly addressing the Government's motion to dismiss. After reviewing the matter in the two motions which the Clerk had initially filed as letters, the Magistrate Judge entered an order (Docket Entry 43), having them filed as motions.

The Magistrate Judge will therefore consider the Plaintiff's two motions (Docket Entries 38 and 41) as his best effort to respond to the motion to dismiss.

## LEGAL DISCUSSION

The United States has filed a lengthy memorandum of law (Docket Entry 33) in support of their motion to dismiss (Docket Entry 32). Although the Plaintiff does not state specific statutory authority or citation to statutes for his various causes of action, the Magistrate Judge believes that the Government is correct in their assessment that all of these claims are under either the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 2671-2680 or the Tucker

Act 28 U.S.C. 1491(a)(1). It is also clear from the pleadings that the Plaintiff filed a claim under the FTCA on July 17, 2015.

As such, the Court lacks jurisdiction until either the claim has been denied or six months have passed since the Plaintiff filed his demand on the United States for a sum certain. *McNeil v. United States*, 508 U.S. 106, 111-113.[1]

The Government is also correct that there is no waiver of sovereign immunity for claims which allege an intentional tort claim. 28 U.S.C. § 2680(h); Singleman v. United States, 277 F.3d 864, 872 (6th Cir. 2002).

To the extent the Plaintiff seeks relief for contract claim he fails because 28 U.S.C. § 1491(a)(1), provides that the United States Court of Federal Claims has exclusive jurisdiction for nontort claims arising under expressed and implied contracts with the United States if the amount of dispute is more than $10,000. In this case the Plaintiff alleged damages in the millions well in excess of the $10,000 limit that would allow the current jurisdiction of the district court and the court of federal claims. *Cleveland Chair v. U.S.*, 526 F.2d, 497, 499 (6th Cir. 1975).

In short, this court lacks jurisdiction to hear the Plaintiff's complaint and it should be dismissed for lack of

---

[1]In his complaint (Page ID #6) the Plaintiff makes a passing reference to a "lawsuit Letter" "contemplating $10,000,000" sent to the TSA Chief Counsel on October 9, 2014 giving the TSA a week to respond or his demand would go to $25,000,000. He has provided no additional information about this demand or whether it would comply with the requirements of the FTCA.

jurisdiction and all other pending motions should be terminated as moot.

Since the dismissal would be for lack of jurisdiction, it would be without prejudice to the Plaintiff refiling his case once the United States has either denied the claim or six months has passed. If the Plaintiff were to consider refiling his case he should carefully consider the other matters raised in the United States motion as they also appear to have merit although because of the Jurisdiction issues the Magistrate Judge has not discussed them.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for lack of jurisdiction and that all pending motions be denied as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 15th day of October, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge